IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Jeffery E. Lewis, # 30905,<br><br>    Plaintiff,<br><br>vs.<br><br>Andy Strickland, Jodie Taylor,<br>David Matthews, Matthew Walker, and<br>Sheriff's Office,<br><br>    Defendants. | Civil Action No. 6:15-1282-PMD-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

    The plaintiff is a pre-trial detainee at the Colleton County Detention Center in Walterboro, South Carolina. Defendant Andy Strickland is the Sheriff of Colleton County. Defendant Jodie Taylor is employed by the Colleton County Sheriff's Office at the Colleton County Detention Center. Defendant David Matthews and defendant Matthew Walker are Public Defenders. The defendant "Sheriff's Office" is the Colleton County Sheriff's Office.

    The above-captioned case arises out of a suit brought by a purported unincorporated association, *We the People v. Andy Strickland, et al.*, Civil Action No. 6:15-698-BHH-KFM, which was filed on February 23, 2015. In an order (doc. 30) filed in Civil Action No. 6:15-698-BHH-KFM on February 24, 2015, the undersigned apprised the prisoners comprising the unincorporated association that they cannot represent the unincorporated association in federal court and directed the Clerk's Office to send Section 1983 forms to each of the prisoners comprising "We the People." Most of the prisoners comprising "We the People" submitted their own individual cases. Although all the individually-submitted cases raised claims relating to conditions at the Colleton County Detention Center, each case also contained diverse claims relating to pending criminal cases. For example, in this case, the plaintiff raises claims concerning the representation

by his two Public Defenders. In the other cases received, prisoners brought claims against investigating law enforcement personnel, prosecutors (Assistant Solicitors and a Solicitor), county magistrates, South Carolina Circuit judges, and court-appointed attorneys. Hence, the undersigned determined that these cases were not appropriate for consolidation. After the prisoners filed their own individual cases, the undersigned on April 6, 2015, issued a Report and Recommendation that Civil Action No. 6:15-698-BHH-KFM be dismissed *without prejudice* because *pro se* litigants may not represent an unincorporated association in federal court (doc. 35 in Civil Action No. 6:15-698-BHH-KFM).

The STATEMENT OF CLAIM portion of the Section 1983 complaint in this case reveals that this civil rights action arises of conditions and visitation policies at the Colleton County Detention Center and out of the representation by two Public Defenders in the plaintiff's criminal case. In a separately-filed order, the undersigned is authorizing service of process upon defendant Andy Strickland and defendant Jodie Taylor.

With respect to defendant David Matthews and defendant Matthew Walker, the plaintiff alleges: (1) Matthew Walker was appointed to represent the plaintiff by a Circuit Judge of the Fourteenth Judicial Circuit (doc. 1 at 4); (2) the plaintiff has sent "countless amount of correspondence" to defendant Walker relating to speedy trial issues, Rule 5 issues, and discovery, but defendant Walker has "done nothing" (*id*.); (3) defendant Walker has violated the plaintiff's Sixth Amendment and Fourteenth Amendment rights (*id*.); and (4) the plaintiff has received ineffective assistance of counsel and "oppressive incarceration" prior to trial (*id*. at 5). In his prayer for relief, the plaintiff seeks an investigation of the Colleton County Detention Center and the Public Defender's Office, dismissal of all pending criminal charges, impeachment of Sheriff Strickland, and "$1.5 million dollars" in damages (doc. 1 at 6).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint and attachments pursuant to the procedural provisions

of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the complaint is subject to ***partial*** summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

The Colleton County Sheriff's Office is subject to summary dismissal because of Eleventh Amendment immunity. Sheriff's departments in South Carolina are state agencies, not municipal departments. *See* S.C. Code Ann. § 23-13-550 (Westlaw 2015); 1975 S.C.Att'y.Gen'l.Op. No. 47 (Jan. 22, 1975); and S.C. Code Ann. § 23-13-10 (Westlaw 2015) (only the Sheriff has the authority to hire or terminate employees of the Sheriff's department and that the Sheriff is responsible for neglect of duty or misconduct by a deputy sheriff); *see also Edwards v. Lexington Cnty. Sheriff's Dep't*, 688 S.E.2d 125, 127 n.1 (S.C. 2010) ("However, under South Carolina law, the sheriff and sheriff's deputies are State, not county, employees."); *Allen v. Fid. and Deposit Co.*, 515 F. Supp. 1185, 1189–91 (D.S.C. 1981) (County cannot be held liable for actions of deputy sheriff because deputy sheriffs serve at pleasure of the Sheriff, not the County); and *Comer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996) (suit against Sheriff of Greenville County: ". . . Sheriff Brown is an arm of the State."). Indeed, any damages to the plaintiff, if awarded in this case, would be paid by the South Carolina State Insurance Reserve Fund. *Comer*, 88 F.3d at 1332 ("Judgments against the Greenville County Sheriff are paid by the South Carolina State Insurance Reserve Fund.").

Public Defenders David Matthew and Matthew Walker are subject to summary dismissal because they have not acted under color of state law with respect to their representation in the plaintiff's criminal case. An attorney, whether retained, court-appointed, or a public defender, does not act under color of state or federal law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983 or under the *Bivens* doctrine. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 317–24 (1981) (public defender); *Hall v. Quillen*, 631 F.2d 1154, 1155–56 (4th Cir. 1980) (court-appointed attorney); and *Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976) (private attorney).

Furthermore, absent extraordinary circumstances, federal courts are not authorized to interfere with a state's pending criminal proceedings. *See*, *e.g.*, *Younger v. Harris*, 401 U.S. 37, 44 (1971); *Harkrader v. Wadley*, 172 U.S. 148, 169–70 (1898); *Nivens v. Gilchrist*, 319 F.3d 151, 158–62 (4th Cir. 2003); and *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50–53 (4th Cir. 1989). In *Cinema Blue of Charlotte, Inc. v. Gilchrist*, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. 887 F.2d at 52. Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this federal court from enjoining such proceedings. Moreover, the plaintiff cannot obtain dismissal of the pending criminal charges in this civil rights action. *See Johnson v. Ozmint*, 567 F. Supp. 2d 806, 823 (D.S.C. 2008) (release from prison is not a remedy available under 42 U.S.C. § 1983).

It is, therefore, recommended that the district court summarily dismiss defendant David Matthew, defendant Matthew Walker, and the "Sheriff's Office" *without prejudice* and without service of process. The plaintiff's attention is directed to the Notice on the next page.

April 7, 2015                                             s/ Kevin F. McDonald
Greenville, South Carolina                    United States Magistrate Judge

4

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk of Court**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).